UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADNAN RAHMAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO ACCOUNTS SERVICE, a California corporation, d/b/a CALIFORNIA ACCOUNTS SERVICE, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  16cv2061-JLS (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Adnan Rahman's Motion to Proceed *In Forma Pauperis* ("IFP"). (IFP Mot., ECF No. 2.) Plaintiff has filed an action alleging that Defendants San Diego Accounts Service d/b/a California Accounts Service ("CAS") and Does 1–10 ("Does") violated the Federal Fair Debt Collection Practices Act, the California Rosenthal Fair Debt Collection Practices Act, and the California Credit Reporting Agencies Act. (Compl. at 1, ECF No. 1.)

**IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff filed an affidavit stating that he is currently employed by the Nitto Denko Technical Corporation, his monthly gross pay is $3,800, and his monthly take-home pay is $3150. (IFP Mot. at 1.) Plaintiff further indicates that he has not received any other income in the past twelve months,[1] (*id.*), and that his monthly expenses total $3,060.[2] This leaves only $90 extra each month that is not consumed by Plaintiff's expenses. Given the foregoing, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. *See, e.g.*, *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("One need not be absolutely destitute to obtain [the] benefits of the in forma pauperis statute."); *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (noting "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status," but, "[w]hatever the standard, $350 is a lot of money to many millions of Americans"). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 2.)

### Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."

---

[1] Plaintiff left blank the sections regarding any available cash, checking- or savings-account funds, or other assets. (*See id.* at 2.) Because Plaintiff filled in Section 6 (regarding expenses), the Court assumes that Plaintiff's failure to enter any information in these other sections was meant to indicate that they were inapplicable to Plaintiff's case because he has no additional assets. (*See generally id.*)

[2] Plaintiff's itemized expenses are as follows: $650 for rent; $145 for a cellphone; $300 for personal family expenses; $350 for credit cards; $160 for auto insurance; $150 for utilities; $450 for groceries; $180 for a student loan; $620 for an auto loan; and $140 for gas.

28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"). Additionally, as amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH (DHB), 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

In the present case, the Court concludes that Plaintiff's complaint survives the *sua sponte* screening procedure. Plaintiff pleads adequate facts concerning the propriety of the

relevant debt, Plaintiff's communication to relevant parties that he was disputing the debt, and the debt-collection practices used by the relevant Defendants, that, if true, would entitle him to relief under relevant federal and California law.  (*See, e.g.*, Compl. ¶¶ 15–16, 22–25, 29, 36, 42, 47, 49–50, 52–53.)  Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf.[3]  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant CAS and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant.  In addition, the Clerk is **DIRECTED** to provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF No. 1) and the summons so that he may serve Defendant.  Upon receipt of this "IFP

---

[3] The Court notes, however, that at this time it will only order marshal service as to Defendant CAS. Plaintiff's second cause of action is asserted in the complaint as against both "Defendant CSA [sic] and Defendant Tantuwaya," (*see id.* ¶¶ 38–43), but Mr. Tantuwaya is not named as a Defendant anywhere else in the Complaint or the additional documents and filings, (*see generally, e.g.*, *id.*; Civil Cover Sheet (ECF No. 1-1); IFP Mot. (ECF No. 2)).  For Mr. Tantuwaya to be considered a defendant in this action he must be named in the title of the complaint.  Fed. R. Civ. P. 10(a); *see also, e.g.*, *Kedra v. City of Phila.*, 454 F. Supp. 652, 657 (E.D. Pa. 1978) ("Joseph Kedra is named as a plaintiff in the body of the complaint but not in the caption.  This oversight violated federal pleading rules . . . and should be corrected by amendment.") (citing *Carrigan v. Cal. State Legislature*, 263 F.2d 560, 567 (9th Cir. 1959), cert. denied, 359 U.S. 980 (1959)).

Package," Plaintiff is **DIRECTED** to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying the IFP package.

3. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon Defendant CAS as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. Defendant CAS is thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (noting that once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5. Plaintiff **SHALL SERVE** upon Defendant CAS or, if appearance has been entered by counsel, upon Defendant CAS's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of the document was served on Defendant CAS, or counsel for Defendant CAS, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 30, 2016

Hon. Janis L. Sammartino
United States District Judge